FILED
United States Court of Appeals
Tenth Circuit

April 24, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DELMART E.J.M. VREELAND, II,

    Petitioner - Appellant,

v.

DAVID ZUPAN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 23-1301
(D.C. No. 1:14-CV-02175-PAB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

    Delmart E.J.M. Vreeland, II, a Colorado prisoner, seeks a certificate of

appealability (COA) to appeal from the dismissal of his motion under Rule 60(b)(6) of

the Federal Rules of Civil Procedure, which the district court deemed to be an

unauthorized second or successive 28 U.S.C. § 2254 application. We deny a COA and

dismiss this matter.

    A Colorado jury convicted Mr. Vreeland of offenses including sexual exploitation

of a child, sexual assault, and contributing to the delinquency of a minor. After

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unsuccessfully seeking relief from his conviction in the Colorado courts, he unsuccessfully pursued a federal habeas application under 28 U.S.C. § 2254. *See Vreeland v. Zupan*, 906 F.3d 866, 883 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1586 (2019). Relevant to this case, Mr. Vreeland subsequently filed a motion in the district court under Rule 60(b)(6) of the Federal Rules of Civil Procedure, seeking relief from judgment based on an allegation of extraordinary circumstances—namely, that the district court's habeas proceedings had been corrupted by the absence of pleadings the state court had fraudulently omitted from the record. The district court determined the motion was an unauthorized second or successive § 2254 application and dismissed it.[1] He now seeks a COA to challenge the district court's dismissal.

This matter may not proceed unless we grant a COA, *see* 28 U.S.C. § 2253(c)(1)(A), and we may not do so unless Mr. Vreeland "ma[kes] a substantial showing of the denial of a constitutional right," § 2253(c)(2). This means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And, because the district court dismissed his Rule 60(b)(6) motion on

---

[1] Mr. Vreeland also filed several other motions, including a Rule 60(b)(4) motion captioned "Motion for Relief and to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)"; a motion for release on bail pending his Rule 60 motions; a motion to take judicial notice of certain evidence; and a "Motion for Release on Recognizance Bail." App. 54. The district court denied each of these motions on their merits. His Opening Brief and request for a COA, however, are limited to the district court's dismissal of his Rule 60(b)(6) motion.

procedural grounds, he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In determining whether the district court was correct in its procedural ruling that Mr. Vreeland's motion is actually an unauthorized second or successive § 2254 application, we look to *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In *Gonzalez*, the Supreme Court provided examples of Rule 60(b) motions that should be treated as second or successive § 2254 applications. These include motions "seek[ing] leave to present newly discovered evidence in support of a claim previously denied." *Id.* at 531 (citation and internal quotation marks omitted). Here, as Mr. Vreeland has argued, because of the missing pleadings he "did not have the evidence needed to raise viable arguments relating to jurisdiction in the habeas petition." Opening Br. at 9. Because his own characterization of the motion confirms that he seeks to present newly discovered evidence in support of a previously denied claim, no reasonable jurist would debate the district court's procedural determination that the motion was an unauthorized second or successive § 2254 application.

Mr. Vreeland further argues, however, that because his motion alleges fraud it is a "true" Rule 60(b) motion, not an unauthorized § 2254 application. In *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006), we acknowledged that a motion asserting fraud in the federal habeas proceeding "may . . . constitute a true [Rule] 60(b) motion." *Id.* at 1216. But we also explained that such a motion "requires a more nuanced analysis" that turns on the type of fraud alleged. *Id.* "If the alleged fraud on the court relates *solely* to fraud perpetrated on the federal habeas court, then the motion will be considered a true 60(b)

motion." *Id.* On the other hand, "[i]f the fraud on the habeas court includes (or necessarily implies) related fraud on the state court . . . then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding." *Id.* In Mr. Vreeland's case, it is clear the alleged fraud does not relate solely to the proceedings before the federal habeas court. He asserts, for example, that on direct appeal his state appellate counsel did not receive the allegedly missing pleadings. Accordingly, Mr. Vreeland's fraud allegations do not render his motion a true Rule 60(b) motion under *Spitznas*.

Because Mr. Vreeland has not shown that reasonable jurists would find it debatable whether the district court was correct in its ruling that his Rule 60(b)(6) motion was an unauthorized second or successive § 2254 application, we deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

4